1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

TRACY L. B.,

Case No.  CV 5:22-02185-RAO

12

Plaintiff,

13

v.

**MEMORANDUM OPINION AND ORDER**

14

KILOLO KIJAKAZI,
Acting Commissioner of Social

15

Security,

16

Defendant.

17

## I.    INTRODUCTION

18

Plaintiff Tracy L. B.[1] ("Plaintiff") challenges the Commissioner's denial of

19

her application for a period of disability and for disability insurance benefits and

20

supplemental security income ("SSI").  For the reasons stated below, the decision

21

of the Commissioner is **REVERSED**.

22

## II.    SUMMARY OF PROCEEDINGS

23

On January 9, 2020, Plaintiff filed applications for disability insurance benefits

24

and SSI, alleging disability beginning October 30, 2019.   (AR 62-71, 72-81.)

25

26

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil

27

Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court

28

Administration and Case Management of the Judicial Conference of the United States.

Plaintiff's applications were denied on June 10, 2020 (AR 82-83), and upon reconsideration on March 1, 2021 (AR 137, 144). Plaintiff requested a hearing before an administrative law judge ("ALJ") (AR 151-53), which took place telephonically on September 22, 2021 (AR 36).

On October 26, 2021, the ALJ issued her decision. (AR 22-29.) At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 30, 2019. (AR 24.) At **step two**, Plaintiff had a severe impairment of degenerative disc disease status post lumbar fusion. (AR 25.) At **step three**, Plaintiff did not have an impairment or combination if impairments that meets the severity of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d), 416.925, and 416.926. (AR 25.) The ALJ assessed that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with exceptions: Plaintiff cannot climb ladders, ropes or scaffolds; can occasionally stoop, balance, kneel, crouch, crawl, and climb ramps and stairs; must avoid concentrated exposure to hazards including dangerous moving machinery, uneven terrain, and unprotected heights; and can frequently, but not constantly, reach overhead bilaterally. (AR 26.) At **step four**, the ALJ determined that Plaintiff was capable of performing past relevant work as a hairstylist, which is listed as light, semi-skilled work with a specific vocational preparation rating of 6 and does not require the performance of work-related activities precluded by Plaintiff's RFC. (AR 29.) The ALJ made no finding as to **step five** because Plaintiff was deemed able to perform past relevant work as a hairstylist at step four. (*See id.*)

On December 9, 2022, Plaintiff filed suit challenging the denial of her benefits and SSI. (*See* Dkt. No. 1.)

## III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if, when applied against proper legal standards, they are supported by substantial evidence.

*Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is shown "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. . . .  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [she] did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.   DISCUSSION

Plaintiff contends the ALJ failed to properly consider her subjective symptom testimony.  Pl. Br. at 4-11, Dkt. No. 16.   In response, the Commissioner argues that the ALJ did properly evaluate her subjective testimony and, in any event, the ALJ found that Plaintiff's treatment history undermined her allegations of disabling symptoms.  Comm'r Br. at 2-8.

A. <u>Subjective Symptom Testimony</u>

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Once satisfied, the ALJ must examine the entire case record, which includes the claimant's own testimony, for evidence on the intensity, persistence, and limiting effects of her symptoms.  In evaluating the claimant's credibility, a court may consider a multitude of factors, such as inconsistencies between the claimant's statements, objective medical evidence, the claimant's daily activities, the claimant's work record, and statements from healthcare providers or third parties about the nature, severity, and effect of the symptoms. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).  However, a lack of objective medical evidence substantiating the claimant's statements about her symptoms by itself is not grounds for discrediting her symptom testimony. *Id.*  Additionally, the ALJ must take care not to pick and choose only that evidence that bolsters his findings. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2011); *see Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).  If the ALJ discounts the claimant's testimony for lack of credibility, she must provide specific, clear, and convincing reasons for doing so. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015); *see Manor v. Kijakazi*, No. 22-0666, 2023 WL 5836483, at *5 (E.D. Cal. Sept. 8, 2023) (quoting *Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 693 (9th Cir. 2009)) ("The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.").

4

B. <u>Plaintiff's Testimony</u>

At the administrative hearing, Plaintiff testified that Dr. Rajir Puri imposed restrictions on her as to not strain her back. (AR 42.) She does not believe she can go back to work full time "because [of] everything she goes through on a daily basis," like, "not being able to walk consistently." (AR 42-43.) Plaintiff testified she is unable to get out of bed somedays, but on days that she can, her hips and back are unable to move by evening time. (AR 43.) She testified that surgery on her lumbar spine in 2019 worsened her condition because it "limited [her in] everything"—she is unstable and intermittently experiences numbness in her buttocks, hips, and bladder, in addition to feeling stabbing pain in her buttocks, hips, and private area. (AR 43-44.) The more Plaintiff walks, the worse off she feels; she can stand up and walk for about 30 minutes before her legs get really weak, and she experiences a lot of pain as if "everything's just being crushed." (AR 44.)

After Plaintiff sits straight up for about 20 minutes, she needs to lay back down or walk around because she feels as though "gravity is just crushing everything." (AR 45.) Plaintiff further testified that she experiences pain in her neck and shoulders; pain when moving her head side to side; and problems with her arms and hands that lead her to "drop things all day long." (AR 46, 53.) She can lift and carry about 10 pounds, though not comfortably; any more weight than that would likely cause her to drop the object. (AR 46-47.) She testified that because extending her arms in front of her causes a lot of pain and headaches, she can only do so for about two minutes before needing to drop them. (AR 47.) Plaintiff testified her bladder has begun leaking throughout the day since having surgery on her lower back. (AR 47-48.) Her kids have been helping her more with house chores; she cannot sit in car rides for longer than two hours; she can no longer hike or engage in woodworking. (AR 48-49.) She feels it would be unsafe to work as a hairdresser because she drops everything. (AR 51.) Plaintiff testified she had not yet undergone a second back surgery because she wants her mother to be able to greet her in the waiting room after

the surgery and COVID restrictions at the time did not allow for that.  (AR 52-53.)

   1. <u>Step 1</u>: Underlying Impairment Reasonably Expected to Produce
   Symptoms

Plaintiff must present objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (internal quotation marks omitted).  Here, Plaintiff presented objective medical evidence of an underlying impairment because she was diagnosed with degenerative disc disease status post lumbar fusion (among other conditions), and the disease could reasonably cause her to experience pain and weakness in her arms and neck.  (*See* AR 27, 91, 106, 275.)  Because this first step is satisfied, the Court proceeds to the second.

   2. <u>Step 2</u>: Evaluating Plaintiff's Subjective Symptom Testimony Against
   the Entire Record

In deciding whether to discount Plaintiff's subjective symptom testimony, a court may weigh inconsistencies between Plaintiff's statements, objective medical evidence, her daily activities, work record, and statements from healthcare providers or third parties about the nature, severity, and effect of the symptoms.  *Thomas*, 278 F.3d at 958-59.  To the extent the ALJ rejects this testimony, she must "provide specific, clear, and convincing reasons."  *Brown-Hunter*, 806 F.3d at 489 (holding an ALJ "does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony simply by reciting the medical evidence in support of his or her residual functional capacity determination"); *Christine B. v. Comm'r of Soc. Sec. Admin.*, No. 22-01119, 2023 WL 5827678, at *4 (D. Or. Sept. 8, 2023); *Christopher K. v. Comm'r, Soc. Sec. Admin.*, __ F. Supp. 3d __, 2023 WL 34445, at *3 (D. Or. Jan 3, 2023).

Here, it is unclear how the ALJ considered Plaintiff's testimony because she did not link her conclusion about Plaintiff's RFC to her hearing testimony.  The ALJ summarized Plaintiff's hearing testimony but did not analyze its credibility in relation

6

to notes from Plaintiff's treating physicians, objective medical records, Plaintiff's daily activities, work record, and other evidence. (*See* AR 27-28.) If the ALJ found Plaintiff's hearing testimony not credible, she needed to have explained that finding with specific, clear, and convincing reasons. *Brown-Hunter*, 806 F.3d at 494. The ALJ here provided no such explanation. *See id.* Thus, there is no way to determine whether Plaintiff's hearing testimony was discounted for legitimate reasons or arbitrary ones. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995); *see also Rachel J. v. Comm'r, Soc. Sec. Admin.*, No. 22-00158, 2023 WL 5770621, at *9 (D. Or. Sept. 6, 2023) (holding the ALJ's findings unsupported by substantial evidence because the ALJ did not explain how one of plaintiff's participations in certain daily activities undermined his testimony).

Further, the error was not harmless. An error is harmless only if it is "inconsequential to the ultimate nondisability determination," *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), or if notwithstanding the legal error, "the agency's path may reasonably be discerned," *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098, 1099 (9th Cir. 2014) (citation omitted). Here, the agency's path cannot be discerned because the ALJ's decision provided no reviewable reasons for discounting or discrediting Plaintiff's testimony. The agency asks the Court to find that the ALJ reasonably found Plaintiff's treatment history undermined her allegation of disabling symptoms. Comm'r Br. at 5-8, Dkt. No. 19. But the reasons supplied in the agency's brief are not reasons provided by the ALJ in her decision, and it is not appropriate for this Court to speculate as to the grounds for the ALJ's conclusions. "[T]he ALJ must provide some reasoning in order for [a reviewing court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.* at 1103 (citation omitted). Because there is no such reasoning here, the ALJ's decision is reversed.

///

///

**V.    REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff contends the ALJ's decision should be reversed and the matter remanded for further proceedings. (Dkt. No. 16 at 13.)  The Court finds that remand for further administrative proceedings is appropriate, as further administrative review could remedy the ALJ's errors.  *See Brown-Hunter*, 806 F.3d at 495 (remanding for an award of benefits is appropriate in rare circumstances).  On remand, the ALJ shall assess Plaintiff's symptom testimony.  The ALJ shall then proceed to step four to determine what work, if any, Plaintiff is capable of performing and, if necessary, proceed to step five.

**VI.    CONCLUSION**

IT IS ORDERED that Judgment shall be entered **REVERSING** the decision of the Commissioner denying Plaintiff's disability and SSI applications and **REMANDING** the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED:  October 27, 2023               _____/s/_____

                                                          ROZELLA A. OLIVER
                                                          UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**